**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**LARRY WOOTEN**                                                         **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 3:12cv26-TSL-MTP**

**STATE OF MISSISSIPPI, et al.**                                      **RESPONDENTS**


<u>**ORDER**</u>

This matter, which is a petition for habeas corpus relief under 28 U.S.C. § 2254, is before

the Court on Petitioner's [10] Motion for Record.  Respondents have filed a [11] response

opposing the motion.

Petitioner argues that the [8] Answer to the petition "did not have a copy of the state

court record that the office of [the Attorney General] was supposedly forwarded [sic] to the

clerk's office . . .".  Petitioner requests "all records and transcript" filed with this Court.

Petitioner would like to have this material to file a rebuttal to the answer.

Respondents counter that their answer is based on the argument "that Petitioner's claims

were procedurally barred pursuant to *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728

(1999)."  Respondents maintain that they were not required to serve Petitioner with a copy of the

state court record.[1]  Respondents represent that the state court record is available from the office

of the Mississippi Supreme Court Clerk.  According to Respondents, the supreme court clerk's

office advises that all inmates are entitled to one free copy of their state court record with

---

[1]This Court's [6] Order directed Respondents to "file an answer or other responsive
pleading in this cause" and to "file with their answer or other responsive pleading full and
complete transcripts of all proceedings in the state court of Mississippi arising from the charges
of sale of marijuana by the Circuit Court of Rankin County, Mississippi."

additional copies available at a cost of $15.00.

Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts reads:[2]

> Contents: Transcripts.  The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer parts of the transcript that the respondent considers relevant.  The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.  If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

There are two sets of records at issue before the Court: 1) those attached as exhibits to the [8] Answer (and referred to in the body of the answer), and 2) the [9] State Court Record.  The Certificate of Service on the [8] Answer certifies that Respondents "mailed via United States Postal Service, first-class postage prepaid, a true and correct copy of the foregoing Answer to [Petitioner]."  The Court finds that the Answer includes the exhibits referenced therein and attached thereto, and they should be provided to Petitioner to allow him to reply to the procedural bar argument.[3]

The Court further finds that Respondents are not required to provide Petitioner with the [9] State Court Record.  The case cited by Petitioner, *Tague v. Puckett*, 874 F.2d 1013 (5th Cir. 1989), is not applicable, for it involved the state providing an indigent defendant a transcript of prior proceedings necessary to an effective defense–in that case a retrial.  Moreover, it appears that Petitioner is able to obtain a free copy of his state court record from the Supreme Court of

---

[2]Rule 5 is entitled The Answer and the Reply.

[3]Attached to the instant motion are the [8] Answer (without attachments), *see* [10]-1, and this Court's [6] Order, *see* [10]-2.

Mississippi.

Accordingly, **IT IS ORDERED:**

Petitioner's [10] Motion for Record is **GRANTED IN PART** and **DENIED IN PART.**

Respondents shall provide Petitioner a copy of all exhibits attached to their [8] Answer by no later than May 24, 2012, and shall file of record a notice of compliance. Petitioner shall be allowed until no later than June 7, 2012 to file a reply to the Answer. Respondents are not required to provide Petitioner a copy of the [9] State Court Record.

**SO ORDERED** this the 10th day of May, 2012.

s/Michael T. Parker
United States Magistrate Judge