IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LARRY WOOTEN, #41211**                                                                **PETITIONER**

**VERSUS**                                                   **CIVIL ACTION NO. 3:12cv26-TSL-JMR**

**SHERIFF SIMMONS and**
**WARDEN HUFFMAN**                                                                   **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this court on the Petition [1] for Writ of *Habeas Corpus* filed by Larry Wooten [Wooten], pursuant to 29 U.S.C. § 2254. A response to the petition was filed on behalf of Sheriff Simmons [Simmons] and Warden Huffman [Huffman] on February 21, 2012, seeking to dismiss the petition. [8.] The Court, having been advised in the premises and having considered the entire record, including the lodged state court record, finds that Wooten's Petition for Writ of *Habeas Corpus* should be denied.

## STATEMENT OF THE CASE

Wooten entered a guilty plea to two counts of sale of less than thirty (30) grams of marijuana in the Circuit Court of Rankin County, Mississippi on July 20, 2009. [8-2.] Wooten was sentenced to serve a term of six (6) years in cause number 20,131 and three (3) years in cause number 20,132 to run consecutively and served in the custody of the Mississippi Department of Corrections [MDOC]. [8-2, p. 3.] Wooten, proceeding *pro se*, filed a petition for Post-Conviction Relief [PCR] in the Circuit Court of Rankin County, Mississippi, raising the following grounds for relief:

    1.    Vindictive prosecution because he was threatened with "maximum punishment of law" if he did not enter a guilty plea

    2.    Involuntary guilty plea because he was "in no way prepared [sic] for trial or make any plea deals in cause number 20,131."

    3.    Ineffective assistance of counsel because "petitioner assert [sic] that he was

'mislead [sic], misinformed, and misrepresented in this matter.'"

4. Cruel and unusual punishment

[8-3.]

The trial court dismissed the motion pursuant to Miss. Code Ann. § 99-39-11(2) on June 30, 2010, finding that the petitioner was not entitled to any relief. [8-4.] Wooten appealed this decision to the Mississippi Court of Appeals raising the same four grounds for relief. [9-3, pp. 76-106.] The appellate court affirmed the trial court's decision on June 7, 2011, and denied rehearing on October 25, 2011. [9-3, p. 135]; *Wooten v. State*, 73 So.3d 547 (Miss. 2011). Wooten did not seek a *writ of certiorari* to the Mississippi Supreme Court for further review.

Wooten's *pro se* petition for *habeas corpus* in this case raises the following grounds:

Ground One: Prosecutorial vindictiveness.

Ground Two: Involuntary guilty plea.

Ground Three: Ineffective assistance of counsel

Ground Four: Cruel and unusual punishment

Ground Five: Due process of law.

[1, p. 2.]

## **ANALYSIS**

According to the respondent, Wooten's claims are barred from review in a federal *habeas* proceeding because he failed to present his claims to the Mississippi Supreme Court. [8, p. 4.] Wooten failed to give the state one full opportunity to resolve any constitutional issues through the state's appellate review process when he did not seek a *writ of certiorari* following denial of his motion for PCR in the Mississippi Court of Appeals. (*Id*.) Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). For the purposes of exhaustion in this case, appeal from a

final decision of the Mississippi Court of Appeals by a *writ of certiorari* was an "available" remedy for Wooten. MISS. R. APP. P. 17(a). Here, Wooten's motion for rehearing by the Court of Appeals was denied on October 25, 2011. *Wooten*, 73 So.3d at 547. Wooten then had 14 days to petition the Mississippi Supreme Court. MISS. R. APP. P. 17(b).

To meet the requirement that he exhaust available state remedies, Wooten would now have to return to state court to petition the Mississippi State Supreme Court for a *writ of certiorari*. That writ would be time-barred because his fourteen day time limit for seeking review has long passed. MISS R. APP. P. 17(b). Wooten is also prohibited from filing a second or successive *habeas* petition under MISS. CODE ANN. §§ 99–39–23(6) and 99–39–27(9).

A procedural default occurs when a *habeas* petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)). Wooten is not required to return to the state courts to determine if his claims are procedurally defaulted. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) ("When it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review.") Because he failed to exercise the right, he has now forfeited it through procedural default. MISS. CODE ANN. §§ 99–39–23(6) and 99–39–27(9).

Wooten may salvage his *habeas* petition from being dismissed with prejudice if he can demonstrate both *cause* for the default and actual *prejudice* resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered by this court. *Coleman,* 501 U.S. at 750. A petitioner may show *cause* by demonstrating that there was something "external to the petitioner, something that cannot fairly be attributed to him" which

3

prevented him from complying with the state procedural rules. *Coleman*, 501 U.S. at 753; *Hill v. Black,* 932 F.2d 369, 372–3 (5th Cir. 1991). Wooten gives various reasons for not filing a petition with the Mississippi Supreme Court, but does not point to anything which qualifies as the *cause* for his failing to petition timely for a *writ of certiorari*. [15, pp. 9-11.] He attempts to distinguish his case from *O'Sullivan* by indicating that he entered a plea of guilty and did not go to trial, and to state that he filed a motion for PCR while O'Sullivan filed a federal *habeas* petition. [15, pp. 11-12.] Wooten has not established cause for failing to advance his claims to the Mississippi Supreme Court. Without a showing of *cause* it is unnecessary for the Court to address whether actual *prejudice* exists. *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

Wooten makes no effort in his petition to argue that a "fundamental miscarriage of justice" will occur if the procedural default is applied. He never asserts that he is innocent, he simply reviews his claims about his conviction and guilty plea. [15.] The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . .." *Murray v. Carrier,* 477 U.S. 478, 496 (1986). It requires a petitioner to support such an allegation with *new,* reliable evidence that was not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Wooten has not presented any new evidence in his petition to provide a colorable showing of innocence. Wooten's petition does not satisfy any exception to overcome the procedural default, and this Court is barred from reviewing Wooten's *habeas* petition. *Sones*, 61 F.3d at 416. The Court, therefore, recommends that Wooten's petition for writ of *habeas corpus* be denied.

## **CONCLUSION**

Based on the forgoing analysis, this Court recommends that Wooten's Petition [1] for Writ of *Habeas Corpus* be denied. In accordance with Rules of this Court, any party, within fourteen

4

days after being served a copy of this recommendation, or by no later than October 30, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

    This the 16th day of October, 2013.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE
